UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:12-CV-240-JD-RBC |
| ) | |
| DANIELLE N. DECKER, and ) | |
| FIRST FEDERAL SAVINGS BANK, ) | |
| ) | |
| Defendants. ) | |

### OPINION AND ORDER

Now before the Court is Plaintiff United States of America's Motion for Entry of Default Judgment [DE 7] against Defendants Danielle N. Decker and First Federal Savings Bank. The Motion for Default Judgment was filed on August 17, 2012 and is hereby GRANTED.

### BACKGROUND

On or about June 26, 2009, Defendant Danielle N. Decker ("Decker") executed and delivered a promissory note ("the Note") in the amount of $148,744.00 [DE 1 at 7-9] to Plaintiff, the United States of America ("United States"), acting through the Farmers Home Administration of the Department of Agriculture. Decker then secured the Note through a mortgage ("the Mortgage") on her real property in Columbia City, IN. [DE 1 at 15-20]. On the same day, Decker and the United States entered into a Subsidy Repayment Agreement [DE 1 at 10-11] under which the United States agreed to abate the payment of interest on the loan, but which also provided for the recapture of any interest credit granted when the property securing the loan was sold, when title to it was transferred, or when Decker no longer occupied the property. The Complaint alleges that Decker then defaulted on the Note, and the United States is the holder of the Note and the Mortgage

1

[DE 1 at 1-5]. Neither Decker nor First Federal Savings Bank filed an appearance or answered the Complaint.

In this motion, the United States seeks a default judgment finding that the United States is entitled to a judgment in the amount alleged in the Complaint [DE 1 at 3]; that the mortgage is a valid, first and subsisting lien on the real property noted above superior to all claims, liens, or interests that have or may be asserted against the real property by Decker; that the equity of redemption and interest of Decker in the real property is barred and foreclosed; that Defendant First Federal Savings Bank has no interest in the property; and that the real property should be sold by the U.S. Marshal and the sale proceeds should be applied to the indebtedness due to the Government with any surplus paid to the Clerk subject to further order. In support of its damages claim, the Government submits an affidavit from Suzanne Starko, an employee of the United States Department of Agriculture. [DE 7-1]. It also earlier submitted the relevant loan documents along with the Complaint. [DE 1 at 7-27].

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under FRCP 55(b)(2), there must be an entry of default as provided by FRCP 55(a). *See Wolf Lake Terminals, Inc. V. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under FRCP 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. *Yong-Qian Sun v. Bd. of Trs.*, 473 F.3d 799, 811 (7th Cir. 2007). The clerk has done so here. [DE 6]. Accordingly, the Court may now enter a default judgment under FRCP 55(b)(2). However, the Court must exercise its discretion in doing so.

*O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as evidenced by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

In the case at hand, the Defendant has "exhibited a willful refusal to litigate the case properly," based upon its "continuing disregard" and failure to "exercise even a minimal level of diligence." *Id*. First Federal Savings Bank and Decker were served with a copy of the Summons and Complaint on July 16 2012, and July 17, 2012, respectively. [DE 3 & 4]. Not even the clerk's entry of default on August 16, 2012 [DE 6] has prompted a reply. Thus, default is not based on a simple technicality, and there is no apparent reason why the Court should not proceed to considering a default judgment in favor of the Plaintiff.

A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) . All well-pleaded allegations of the complaint will be taken as true. *Id.* In this case, the Court must take as true the United States' assertion that Decker defaulted on the Note; that the Note is secured by the Mortgage; that the United States holds the Note and the Mortgage; and that First Federal Savings Bank has no interest in the real property secured by the mortgage. However, while the well-pleaded allegations of the complaint with respect to *liability* are generally taken as true, the amount of *damages* must still be proved. *Id.* As a result, when considering a motion for default judgment, a court often must hold a hearing to determine damages. *O'Brien*, 998 F.2d at 1404. However, if the damages are "capable of ascertainment from definitive figures contained in documentary evidence

or detailed affidavits", such a hearing is unnecessary. *Id.*

In this case, a hearing to determine the amount of the debt owed to the United States by Decker is unnecessary. The United States has provided sufficient documentary evidence for the court to determine the amount of debt owed by Decker to the United States. The United States provided the Note [DE 1 at 7-9] as an exhibit attached to the Complaint. The Note establishes the principal amount owed and puts forward the terms and conditions of the loan. Additionally, the United States has provided the Subsidy Repayment Agreement [DE 1 at 10-11] detailing the amount of recaptured interest to be paid. Finally, the total amounts owed, including the United States' calculation of the per diem interest accrual rate of $18.9637/day, are verified by the affidavit of Suzanne Starko, who is responsible for overseeing the servicing of the loan in question. [DE 7-1]. Therefore, the Court can, with reasonable certainty, determine the amount owed by Decker to the United States without holding a hearing to do so.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment against Defendants Danielle N. Decker and First Federal Savings Bank is hereby **GRANTED.** Judgment shall be **ORDERED** in personam against the Defendant, Danielle N. Decker, in the amount of $150,977.51, plus interest at the rate of $18.9637 per day from June 27, 2009 until January 22, 2013, in the amount of $17,825.87 for a total of $168,803.38, plus late charges of $123.97. Further, judgment shall be **ORDERED** against the Defendant, Danielle N. Decker, for interest credit recapture in the amount of $4,063.36, through June 26, 2009.

The Court hereby **DECLARES** the Plaintiff's Mortgage to be a valid, first and subsisting lien on the real estate described as follows:

> Situated in the State of Indiana, County of Whitley
>
> LOT NUMBER 19 IN BROOKWOOD ESTATES, BEING A SUBDIVISION OF PART OF THE SOUTHWEST QUARTER OF SECTION 3, TOWNSHIP 31, NORTH, RANGE 9 EAST, WHITLEY COUNTY, INDIANA.
>
> Commonly known as: 962 W. Ryan Road, Columbia City, IN 46725.

Further, the Court hereby **ORDERS** the Plaintiff's Mortgage on the real estate foreclosed, **BARS** all of the Defendant Danielle N. Decker's equity of redemption and interest in the real estate, and **ORDERS** the sale of the real estate pursuant to applicable law in order to pay the judgment of Plaintiff, with the proceeds of said sale to be first applied to the indebtedness of the Plaintiff secured by the Mortgage hereby foreclosed, and with any then-remaining overplus paid to the Clerk of the Court to be disposed of as the Court shall direct.

> SO ORDERED.
>
> ENTERED: January 22, 2013

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court